*410 OPINION.
Green :
It is the contention of the petitioner that the purchase of the assets of Lynah & Read, Inc., and the dissolution of that corporation constituted two separate and distinct transactions; that no profit was realized on the purchase on the ground that it ivas not a closed transaction; and further, that even though the purchase be treated as a step in the dissolution of the corporation, the value of the assets received upon dissolution was not in excess of $32,000.
From the facts disclosed by the record, there is little doubt that the purchase of the assets of Lynah & Read, Inc., by the petitioner was merely a step in the dissolution of the corporation and was in effect a mere matter of form. The petitioner had determined to dissolve the corporation and to continue the business in his individual capacity and it mattered little what procedure was followed in effecting the dissolution of the corporation and the transfer of its assets to him so long as it was handled expeditiously. A conversion of the corporate assets into cash would simplify the procedure materially. With the exception of a few qualifying shares he was the sole stockholder, and the corporation having been dissolved, the transfer of the corporate assets to him would be purely a matter of form regardless of the method adopted. Ostensibly there was a sale of assets by a corporate entity to an individual and, standing alone, should be treated as such, but in a case where the result is merely in form, it will be treated as a bookkeeping transaction rather than a sale. Gulf Oil Corporation v. Lewellyn, 248 U. S. 71. The effect of the various steps was to dissolve the corporation and distribute the assets to the petitioner in liquidation. Such a transaction gives rise to taxable gain measured by the difference between the cost or March 1,1913, value of the stock, whichever is greater, and the value of the assets received on liquidation.
Only one question is to be determined and that is the net value of the assets received by the petitioner. The assets consisted of *411 cash, coal (the value of which is not in dispute), and accounts and bills receivable. The petitioner, testifying in his own behalf, stated that he made a careful examination of the accounts receivable and of the accounts payable at the time of dissolution and reached the conclusion that $32,000 represented the net worth of the corporate assets. For the most part,, his testimony in support of his conclusion as to the value was limited to subsequent events connected with the final settlement of the accounts in question. From the record it appears that the only account receivable considered doubtful was that of the Carbon Creek Coal Co., amounting to $25,447.54. This account he considered totally bad, but subsequently recovered something over $15,000, leaving $16,599.96, including interest and expenses of collection, unpaid. It was included in the assets at face value by the Commissioner.
Offsetting this doubtful item in accounts receivable, however, were a number of liabilities in the form of claims, which the petitioner’s testimony indicates he considered unjust and unreasonable and which he had refused to pay on that ground. The record does not show that he, at any time, considered that he would be required in the end to pay the full amount of these claims. They were also allowed in full by the Commissioner in computing the net worth of the assets. The principal claim was that of the Tidewater Coal Exchange for $55,614.05. It later developed that this claim was settled for a little more than half of the total amount, and that, even though the full amount shown by the notes of the Carbon Creek Coal Co. had been lost, the gain in the settlement of this claim would practically offset such loss. The freight claim of the Pennsylvania Eailroad was also settled at a big discount in favor of the petitioner. It also appears that the petitioner overestimated expenses with reference to the expenses in settling these claims and with reference to income taxes which had accrued during the year 1920, prior to the date of dissolution.
After considering the testimony, we find nothing to justify the conclusion that the net worth of the assets was less than the amount found by the Commissioner. In fact, the petitioner’s statement of the facts existing as of the date of dissolution and of the subsequent settlement of the accounts fully justified the finding of the Commissioner.

Judgment will be entered after 10 days' notice, under Rule 50.